William T. Fallis    Pro Per
111 Arnett Street
Frankfort, Kentucky 40601
(502) 382-7146

Eastern District of Kentucky
FILED
NOV 3 0 2007
AT FRANKFORT
LESLIE G. WHITMER
CLERK: U.S. DISTRICT COURT

In the United States District Court for the Eastern District of Kentucky

| | |
|---|---|
| William Thomas Fallis<br>111 Arnett Street<br>Frankfort, Kentucky 40601<br>         Petitioner,<br>VS<br>Carol Anthony, Executive Director<br>Housing Authority of Frankfort<br>         Defendant #1<br>Kenneth Moore, Section 8 Specialist<br>Housing Authority of Frankfort<br>590 Walter Todd Drive<br>Frankfort, Kentucky 40601<br>         Defendant #2 | Case No. 3:07cv79 KKC<br>Complaint: Violation of civil rights, discrimination, and coercion. |

Comes now the petitioner, William T. Fallis before this Honorable Court alleging several violations of his civil rights and other violations contained here in.

Petitioner seeks to bring action against

pg. 1 of 8

said defendants, Carol Anthony, and, Kenneth Moore, seeking both compensation and punitive damages

Petioner alleges that the defendants were responsible for; discriminatory acts under Section 818 (coercion, etc); and failure to make reasonable accomodation. These allegations would constitute a violation of Sections 818 and 804 f3B of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988, if proven.

Petitioner alleges Defendants engaged in one or more discriminatory housing practices under the authority of Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794, and its implementing regulation at 24 C.F.R. Part 8 (Section 504) Section 504 states "no otherwise qualified individual with disabilities shall, solely on the basis of disability, be exlcuded ___, be denied ___ or otherwise be subjected to discrimination under any program or activity that receives federal financial assistance from the Dept"

Petitioner states that as a result of the Defendants actions petitioner suffered severe pain and distress. Petitioner not only endured the shame and humiliation

throughout this ordeal, but was finacially disabled as well from the loss of his assistance. Petitioner was thrown into a financial chaos that resulted in the loss of his transportation, which made petitioner vunurable, the loss of his life insurance policy of 15,000.00 because of payments (because of petitioners mental and physical conditions, it is almost impossible to now obtain such insurance.) Petitioner was put into a situation where even his place of residence for over 22 years was threatened.

WHEREFORE, Petitioner prays this Honorable Court will allow said petition to go forth. Petitioner seeks a judgement against the Defendants in the amounts of:

$25,000.00 in compensatory damages for actual losses, etc, suffered by the petitioner; and

$250,000.00 in punitive damages for the pain and suffering, for the humiliation and mental stress and enduring trauma suffered by petitioner

So prays the petitioner

William Thomas Fallis

pg. 3 of 8

## STATEMENT OF FACTS

The petitioner belongs to a class of persons whom the Act protects from unlawful discrimination both physical and mental.

The Housing Authority of Frankfort (defendants) knew or should have known petitioner was disabled person

Petitioner made a request to the Housing Authority to allow his daughter to temporarily stay with him during recovery from surgery. Instructions given by doctors for help and assistance. Stay was expected to be 2-3 weeks.

The Housing Authority (defendants) denied petitioners request for such accommodation

This assistance was necessary to afford the petitioner an equal opportunity to use and enjoy his premises.

Not only was petitioner denied his request for accommodation, but was also stripped of his "Section 8" because of his daughters' prescence.

Petitioner after surgery was released from hospital on Feb. 6, 2005 and returned home.

On the morning of Feb. 7, 2005 (8:30 AM) petitioner received a call from defendant Ken Moore who oversees Section 8.

Defendant Ken Moore was very direct and to the point, informing petitioner he had

received information petitioners daughter was living in petitioners home. Defendant also stated he believed that daughter was helping pay bills.

As petitioner became more aware of defendant Ken Moores accusations petitioner tried to explain this was absolutly not true. Daughter started staying with petitioner after phone conversation and action taken by the Housing Authority.

Defendant Ken Moore told petitioner during conversation because of daughters income the petitioner had five days to either voluntarily withdraw from Section 8 assistance or he would lose any chance to re-apply indefintably.

Petitioner attempted several times to have a hearing and hold on to his assistance. Finally on Feb. 11, 2005 petitioner did go to the Housing Authority and after one last attempt for a hearing signed the waiver form.

Petitioner was still under several medications and after being pressured by defendant Ken Moore petitioner wrote on the form as instructed and signed.

Both defendants Carol Anthony and Kenneth Moore both involved in this action from the beginning, state petitioner was afforded a chance for a hearing. This

pg. 5 of 8

is not a true fact. Petitioner was denied any kind of hearing or chance to present his side.

Defendant Carol Anthony under penalty of perjury swore that she, in fact, never met petitioner until Sept. of 2005, some seven months later.

Petitioner will show that defendant Carol Anthony and petitioner met a total of four times prior to the last meeting in Oct, 2005.

Petitioner will produce both documentation and witnesses to prove these facts

Defendant Kenneth Moore under penalty of perjury swore that no phone call was ever placed to petitioner. Defendant said that petitioner just walked in out of the ___ etc.

Petitioner will show that defendant Kenneth Moore did in fact call petitioner.

Petitioner will produce witnesses, etc. to prove these facts.

Both defendants Carol Anthony and Kenneth Moore stated petitioner was offered several opportunities to have a hearing. Both defendants stated correspondence [termination notice, right to appeal etc] were sent to the plaintiff with no response. This is not true.

Petitioner will present evidence there was none

pg. 6 of 8

Both defendants Carol Anthony and Kenneth Moore denied under penalty of perjury knowing about petitioners request for accommodation and to the fact they knew petitioner was disabled or in fact had physical or mental problems.

However according to their own records and following investigation it was made clear the defendants did know of petitioners disabilities and such information was also a part of petitions application for the Section 8 program.

Petitioner will submit all evidence obtaine documents, letters, and phone documents upon his action seeking redress from the defendants Carol Anthony and Kenneth Moore.

Relief Sought

Comes now the petitioner in this case before this Honorable Court and prays that after all facts have been presented, the petitioner will be granted the following;

Petitioner will seek or ask this Honorable Court for a judgement against the defendant Carol Anthony and Kenneth Moore for damages both physically, mentally and finacially suffered by the petitioner William T. Fallis

Damages be awarded petitioner as follows

"1" Compensatory damages in the amount of $25,000.00, or, as the Honorable Court deems.

"2" Punitive damages in the amount of $250,000.00, or, as the Honorable Court deems.

So prays the petitioner;

Respectfully;
William J. Jallis

I declare under penalty of perjury that the foregoing is true and correct.

Nov. 30 2007                    William J. Jallis
   Date                          Petitioners Signature

Enclosed also, are
Petitioners Exhibit List
Petitioners Witness List
Documents & letters of evidence
Request for Production of Documents